IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

COMMONWEALTH OF VIRGINIA,

    v.                                                                     Civil No. 3:23cr59 (DJN)

LOIS ABA YANKAH,
        Defendant.

## FINAL ORDER

This matter comes before the Court on its own initiative. On May 9, 2023, the Court received a Notice filed by Defendant Lois Aba Yankah, purporting to remove seven criminal cases from the Chesterfield County Circuit Court to federal court pursuant to 28 U.S.C. § 1443(1). (ECF No. 1.) As explained below, such removal is improper.

Section 1443(1) directs that certain "criminal prosecutions, commenced in a State court[,] may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending." Explicitly, § 1443(1) applies only to prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."[1] As relevant here, to remove a case pursuant to § 1443(1), a defendant must do more than "seek protection for 'constitutional rights phrased in terms of general rights applicable to all citizens.'" *Commonwealth v. Lockhart*, Civil Action No. 1:22cv808, *2 (E.D. Va. Aug. 5, 2022), *aff'd* 2023 WL 2770951 (4th Cir. 2023) (quoting *El,*

---

[1]     Section 1443(2) provides a distinct mechanism by which certain state and federal officers may seek removal of prosecutions for acting (or refusing to act) under color of lawful authority. Yankah offers no evidence or argument that removal of her criminal cases is proper under § 1443(2). *See Commonwealth v. El*, 2016 WL 4507814, at *5 (E.D. Va. Aug. 26, 2016) (citing *City of Greenwood, S.C. v. Peacock*, 384 U.S. 808, 815, 824 (1966)).

2016 WL 4507814, at *4). "Rather, the removing party must first show that . . . state action [has] denie[d] . . . her a 'right under a federal law providing for specific civil rights stated in terms of racial equality.'" *El*, 2016 WL 4507814, at *4 (quoting *South Carolina v. Moore*, 447 F.2d 1067, 107 (4th Cir. 1971)).

Yankah, an apparent fugitive from both the Commonwealth and United Stated Immigration and Custom's Enforcement Services ("ICE"),[2] asserts that several Virginia jails and courts have "[d]eprived [her] of her Fifth Amendment right to liberty" and "her due process right to a hearing on whether the [S]peedy [T]rial Act bars the court from further prosecution." (ECF No. 1, at 2–3.) Yankah also contends that her cases present "serious constitutional questions" related to "the constitutionality of local jail officials communicating with ICE agents when they come into contact with immigrants." (*Id.* at 3.)

In sum, Yankah argues that removal is proper, because she "has not been able to enforce her right to a speedy trial, right to a hearing and right to . . . due process because of an ICE detainer." (*Id.* at 9.) Plainly, these alleged deprivations do not implicate a 'right under a federal law providing for specific civil rights stated in terms of racial equality." *El*, 2016 WL 4507814, at *4 (quoting *Moore*, 447 F.2d at 107); *see also Dugas v. Hanover Cnty. Circuit Court*, 2008 WL 4153765, at *3 (E.D. Va. Sep. 5, 2008) ("[B]road contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).") (internal quotations omitted); *Greenwood*, 384 U.S. at 827 ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a

---

[2] As best the Court can tell, Yankah stands charged with issuing bad checks and other financial crimes as well as failure to appear.

fair trial in a particular state court."). Accordingly, the Court finds that the Notice of removal is improper and hereby SUMMARILY REMANDS Yankah's criminal matters to the Chesterfield County Circuit Court. 28 U.S.C. § 1455(b)(4); *Lee-Bautista v. Bautista*, 633 F. App'x 148, 149 (4th Cir. 2016).

Let the Clerk file a copy of this Order electronically and send a copy to Yankah and to the Chesterfield County Circuit Court.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 19, 2023